IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DIRECTV, INC., § § Plaintiff, § § v. § § BYRON EUGENE CORY, § Individually, and doing business as § SHOOTERS BILLIARDS, § § Defendant. § | EP-11-CV-50-KC |

### SUMMARY JUDGMENT ORDER

On this day, the Court considered "Plaintiff's Motion for Summary Judgment," ECF No. 14 ("Motion"). Defendant Byron Eugene Cory, individually and doing business as Shooters Billiards ("Defendant"), did not file a response. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

I.   BACKGROUND

The facts presented here are either undisputed or have been admitted by Defendant because Defendant did not respond to Plaintiff's summary judgment motion and failed to respond to Plaintiff's request for admissions. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless . . . the party . . . serves on the requesting party a written answer or objection"), 56(e) (If a party fails . . . to properly address another party's assertion . . . the court may . . . consider the fact undisputed for purposes of the motion"); *Beard v. Banks*, 548 U.S. 521, 527, 534 (2006) (finding that the plaintiff had admitted the validity of the defendant's facts on a summary judgment motion because the plaintiff had failed to specifically challenge them).

Plaintiff had the exclusive rights to sub-license the broadcast of the 2010 NFL Sunday Ticket Program. Mot. Ex. Pl.'s Aff. in Supp. of Mot. for Summ. J. ("Pl.'s Aff.") ¶¶ 4, 7, ECF No. 14-3. Defendant Cory was a principal of a bar in El Paso, Texas, called Shooters Billiards. Mot. Ex. Req. for Admiss. ("Req. for Admiss.") Nos. 2, 11, ECF No. 14-1. Defendant did not purchase a commercial subscription to exhibit NFL Sunday Ticket in Shooters Billiards. Pl.'s Aff. ¶¶ 13-14. Instead, Defendant purchased a residential subscription to save money. *See id.* ¶¶ 6, 14. Despite not having the appropriate subscription, Defendant did exhibit a portion or all of the broadcast of NFL Sunday Ticket on October 24, 2010. Req. for Admiss. Nos. 3, 8, 13, 15; *see* Fed. R. Civ. P. 36(a)(3). There is undisputed video evidence of Defendant exhibiting NFL Sunday Ticket, and an auditor attests to observing the broadcast of NFL Sunday Ticket inside Shooters Billiards. Mot. Ex. C, VID_0006.wmv, VID_0007.wmv, ECF No. 15; Mot. Ex. Aff. of Gabriel Porras ("Auditor Aff.") 1-2, ECF No. 14-3. Finally, Defendant admits he advertised the exhibition of NFL Sunday Ticket, and "willfully received and exhibited the broadcast" for "direct financial benefit." Req. for Admiss. Nos. 7, 14, 19-20.

Plaintiff filed suit against Defendant on Feb 7, 2011, alleging that the Defendant willfully violated 47 U.S.C. § 605. Mot. 5. Defendant filed an answer on March 1, 2011. Def.'s Original Answer, ECF No. 8. On July 22, 2011, Plaintiff served Defendant with a request for admissions. Mot. 6. Defendant did not respond. On September 30, 2011, Plaintiff filed this Motion seeking summary judgment as to liability under 47 U.S.C. § 605. *See* Mot. 7-8. Defendant again did not file a response.

## II.     DISCUSSION

### A.     Standard

A court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited by the movant do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The court resolves factual controversies in

favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

    **B.**    **Federal Communications Act**

In its Motion, Plaintiff argues the Court should grant summary judgment as to liability because Defendant admits to wilfully violating the Federal Communications Act ("FCA"). *See* Mot. 7-11. The FCA prohibits those not authorized by the sender from "intercept[ing] any radio communication and divulg[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). The FCA creates a private right of action for anyone who is aggrieved by a violation of § 605. *Id.* § 605(e)(3)(A). To state a claim for a § 605 violation, a plaintiff must allege the defendant "intercepted or otherwise unlawfully appropriated [the plaintiff's] transmission." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005).

Plaintiffs may elect to collect as damages either their actual damages or statutory damages ranging from $1,000 to $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(I)–(II). If the party elects statutory damages, the court uses its discretion to determine the specific amount of statutory damages. *Id.*

4

The court, also at its discretion, may increase these statutory damages by an amount between $10,000 and $100,000, if the court "finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." *Id.* § 605(e)(3)(C)(ii). Additionally, § 605 allows aggrieved parties who prevail in a private action under § 605 to recover their full costs, including reasonable attorneys' fees. *Id.* § 605(e)(3)(B)(iii).

Because of Defendant's failure to respond to the Motion and the request for admissions, there are no disputes of fact, and thus Plaintiff is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 36(a)(3), 56(a), 56(e); *see Celotex Corp.*, 477 U.S. at 322. It is undisputed that Plaintiff was the owner and had the exclusive right to distribute NFL Sunday Ticket on October 24, 2010. *See* Pl.'s Aff. ¶¶ 4, 7. And by not responding to Plaintiff's request for admissions, Defendant admits he was not authorized by Plaintiff to exhibit NFL Sunday Ticket in his commercial establishment. Req. for Admiss. Nos. 3, 15, 17; *see* Fed. R. Civ. P. 36(a)(3). Despite the lack of authorization from Plaintiff, Defendant did exhibit a portion or all of the broadcast of NFL Sunday Ticket on October 24, 2010. Req. for Admiss. Nos. 3, 8, 13, 15; *see* Fed. R. Civ. P. 36(a)(3). There is undisputed video evidence of Defendant exhibiting NFL Sunday Ticket, and an auditor attests to observing the broadcast of NFL Sunday Ticket inside Shooters Billiards. Mot. Ex. C, VID_0006.wmv, VID_0007.wmv; Auditor's Aff. 1-2. In sum, there is no dispute that Defendant "unlawfully appropriated" Plaintiff's transmission of NFL Sunday Ticket. *See Robson*, 420 F.3d at 537. Therefore, the Court holds that Defendant has violated § 605 of the Federal Communications Act.

There is also no factual dispute that Defendant intercepted and displayed NFL Sunday

Ticket "willfully and for purposes of direct or indirect commercial advantage or private financial gain." *See* 47 U.S.C. § 605(e)(3)(C)(ii).  Defendant admits he "willfully received and exhibited the broadcast" of NFL Sunday Ticket for "direct financial benefit."  Req. for Admiss. Nos. 19-20; *see* Fed. R. Civ. P. 36(a)(3).  Moreover, Plaintiff's undisputed evidence establishes that there was no commercial account at Defendant's establishment, but instead Defendant purchased NFL Sunday Ticket as a residential subscriber.  Pl.'s Aff. ¶¶ 13-14.  This allowed Defendant to exhibit NFL Sunday Ticket to his customers at Shooters Billiards for a "substantially lower cost."  *Id.* ¶ 8.  Therefore, the Court holds that Defendant willfully intercepted and displayed the broadcast for financial gain in violation of § 605(e)(3)(C)(ii).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**.  It is further **ORDERED** Plaintiff shall file another motion, with specific evidence, that details the requested damages, costs, attorney's fees, and any other relief requested on or before December 12, 2011.

**SO ORDERED.**

**SIGNED** on this 29th day of November, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE